DRAPER (DAVIDSON v.). See Case No. 3,604.

DRAPER (DENNISTOUN v.). See Case No. 3,504.

DRAPER (EAGLE MANUF'G CO. v.). See Case No. 4,284.

## Case No. 4,069.

### DRAPER v. HUDSON.

[Holmes, 20.;[1]  6 Fish. Pat. Cas. 327; 3 O. G. 354.]

Circuit Court, D. Massachusetts. March, 1873.

PATENTS—PRODUCT— INFRINGEMENT SUITS—EQUITY JURISDICTION—ACCOUNTING.

1. An old article, though made by a new machine, is not patentable as a new article of manufacture.

[Approved in Milligan & Higgins Glue Co. v. Upton, Case No. 9,607.]

2. The right to an account in patent suits in equity, is incident to, and depends upon, the right to injunction and discovery.

[Criticised in Gordon v. Anthony, Case No. 5,-605; Atwood v. Portland Co., 10 Fed. 284. Cited in Kirk v. Du Bois, 28 Fed. 461; Hohorst v. Howard, 37 Fed. 97.]

Bill in equity for an injunction to restrain alleged infringement of letters-patent [No. 64,410] for a device for forming letters and figures on type-blocks, originally granted to the complainant [Daniel Draper] May 7, 1867, reissued May 18, 1869 [No. 3,442]; and for an account. The defendant [Thomas S. Hudson] died pending the suit, and his executor was made party defendant. No discovery was prayed against the executor, and there was no proof of infringement by him.

James B. Robb, for complainant.

Walter Curtis and Charles M. Reed, for defendant.

SHEPLEY, Circuit Judge. The first claim in complainant's patent, as reissued, is for

the combination of the devices described in his patent for producing letters and figures upon the edges of type-blocks for hand-stamps and other purposes, substantially as set forth. The evidence fails to show any infringement of this claim after the date of the reissued patent. The second claim is for, as a new article of manufacture, a type-block with letters, figures, or characters produced thereon, in the manner substantially as described. The patent itself shows that a type-block such as described was not a new article of manufacture. It describes at least one mode by which a similar type-block had been made before, but which mode consumed considerable time and was very expensive. His type-block is not represented in the patent as a new article of manufacture in any other sense than as an old article made upon a new machine. This is not a new manufacture in the sense of the patent law. It could not have been the intention of the statute that pins, matches, nails, and other old articles in common use should be patented as new articles of manufacture simply because they were fabricated by the use of new and improved machinery, unless the product itself was a new and improved product, and as such possessing novelty of its own, independent of the new devices or processes or arts by which it was produced. The second claim of the patent cannot, therefore, be sustained.

The record in this case shows the death of the defendant. No injunction can issue against the defendant, and, as there is no proof of infringement by the executor, none can issue against him. No discovery is prayed for against the executor, and there is no presumption of any knowledge by him of his testator's acts. When the title to the principal relief, which is the proper subject of a suit in equity—the injunction and discovery—fails, the incident right to an account fails also. Price's Patent Candle Co. v. Bauwen's Patent Candle Co., 4 Kay & J. 727; Baily v. Taylor, 1 Russ. & M. 73; Smith v. London & S. W. R. Co., Kay, 415; Kerr, Inj. 435. Although the jurisdiction of the circuit court in equity in patent causes rests upon statute provisions, it is to be exercised according to the course and principles of courts of equity; and the supreme court of the United States having decided in Stevens v. Gladding, 17 How. [58 U. S.] 455, that "the right to an account of profits is incident to the right to an injunction in copy and patent right cases," it would seem to follow that in a case like the present, where the title to equitable relief fails, the general rule of equity applies, that the incidental relief fails also. Bill dismissed, without costs.

DRAPER (HUDSON v.). See Case No. 6,-834.

---

[1] [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]